*227 Dooley, J.,
¶ 21. concurring. I agree that the action of the parties was a fraud on the court, see Godin v. Godin, 168 Vt. 514, 527-29, 725 A.2d 904, 912-14 (1998) (Dooley, J., dissenting), but if this were an ordinary statutory construction case, I might be persuaded as Justice Robinson has written in her dissent that 15 V.S.A. § 307 controls the issue of setting aside a voluntary acknowledgement of parentage. As I have emphasized before, this is not an ordinary statute. See Moreau v. Sylvester, 2014 VT 31, ¶ 41, 196 Vt. 183, 95 A.3d 416 (Dooley, J., concurring). Although it ostensibly covers rights and responsibilities with respect to children other than those connected with child support, it was passed by an act entitled “An Act Relating to Child Support,” 1989, No. 220 (Adj. Sess.), § 30, and virtually all the aspects of that act relate only to child support. The section was added to our Parentage Act, which I have noted before, was intended “to do [nothing] other than provide a speedy recovery of child support.” Miller-Jenkins v. Miller-Jenkins, 2006 VT 78, ¶ 44, 180 Vt. 441, 912 A.2d 951. Despite its language, its application to determine rights of custody and visitation is virtually an unintended consequence. For that reason, in my view, it lacks adequate protections to safeguard the best interest of the child and ensure that the acknowledgement is not misused. For that reason, I favor construing the statute quite narrowly and relying on powers outside the statute, if available, to ensure an acceptable result.
¶ 22. Now comes the broken record. The continuing failure to enact a real parentage act is the largest and most significant deficiency in our statutory scheme regulating the rights and responsibilities of family members where the interests of children are involved. I explained some of the consequences of this failure in my concurring opinion in Moreau. I also explained that there are models from which we can draw our own modern and complete parentage act, particularly the Uniform Parentage Act. This case is another example of the consequences of that failure. I again urge the Legislature to meet this critical need.